UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GILBERT WRAITH, JR., and similarly situated individuals,**<br><br>  Plaintiffs,<br><br>vs.<br><br>**STRAUB MOTORS, INC., and CHARLES F. STRAUB, III, individually**<br><br>  Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>**Civil Action No.:** |

Plaintiff, GILBERT WRAITH, JR. ("Wraith" or "Plaintiff"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants STRAUB MOTORS, INC., ("Straub Motors") and CHARLES F. STRAUB, III, individually ("Straub") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – auto salesmen– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed auto sales duties for the Defendants in New Jersey and based from Defendants' location in Keyport, Monmouth County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Straub Motors, is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, Defendants own and operate a car dealership and purchase and sell vehicles which are moved through interstate commerce. Defendants further routinely accept credit card payments, which involves interstate banking and financing.  Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, selling products which have moved through interstate channels for Defendants' consumers. Thus, Defendants and Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff Wraith is an adult individual who is a resident of Manville, Somerset County, New Jersey.

9. Plaintiff Wraith was employed by Defendants as a full time auto salesman from in or about December, 2015, until approximately December 7, 2017.

10. The Defendants own and operate an automobile dealership, which is located and headquartered in Keyport, Monmouth County, New Jersey.

11. Upon information and belief, at all times relevant to this Complaint, the Defendant, Straub Motors, employs individuals to perform sales services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant Straub Motor's annual gross volume of sales made or business done was not less than $500,000.00.

12. At all times relevant to this Complaint, the Defendant Straub Motors was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

13. Upon information and belief, Individual Defendant Charles F. Straub, III, is a New Jersey state resident.

14. Upon information and belief, at all times relevant to this Complaint, individual Defendant Straub has been an owner, partner, officer and/or manager of the Defendant Straub Motors.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Straub has had power over personnel decisions at the Defendant Straub Motor's business.

16. Defendant Straub was present at the Straub Motor's premises every day, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

**FACTS**

17. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, in that Plaintiff and those similarly situated employees were being paid less than minimum wages for their hours worked in a work week.

18. Plaintiff Wraith was paid a salary of each and every work week, regardless of the number that he worked.

19. Plaintiff Wraith was paid approximately $250.00 per week from December, 2015, until in or about December, 2016, at which time he began receiving approximately $350.00 per week.

20. Plaintiff Wraith usually worked five (5) days per workweek.

21. Plaintiff Wraith routinely worked approximately from December, 2015, until in or about December, 2016, forty-seven (47) hours per week; and from December, 2016, through in or about December, 2017, plaintiff worked approximately forty nine (49) hours per workweek.

22. Upon information and belief, employees similarly situated to Plaintiff, were also deprived of their minimum wages for their hours worked in a workweek.

23. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

24. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

25. This cause of action is brought to recover from Defendants unpaid minimum wage compensation, liquidated damages, and the costs and reasonable attorneys' fees under the

provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

26. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

27. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

28. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked within a work week.

29. The additional persons who may become Plaintiffs in this action are Defendants' auto salesmen who have worked on or after March 10, 2015, and were not properly compensated for all hours in a workweek at the minimum wage.

30. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE FLSA

31. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 30 above.

32. Plaintiff is entitled to be paid additional compensation for each of her hours worked per work period.

33. All similarly situated employees of the Defendants are similarly owed their minimum wage rate of pay for each and every hour they worked and were not properly paid.

34. Defendants knowingly and willfully failed to pay Plaintiff and the other auto salesmen similarly situated to him in accordance with minimum wage laws for their hours worked in a work week.

35. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

36. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE NJWHL

37. Plaintiff repeats and realleges the allegations set forth in the preceeding paragraphs.

38. Pursuant to New Jersey Statutes §§ 34:11-56a4 et seq., every employer shall pay to each of his employees wages at a rate of not less than the minimum wage.

39. In violation of New Jersey Statutes §§ 34:11-56a4 et seq., the Defendants willfully failed to pay the Plaintiff and other similarly situated employees their statutorily required minimum wage compensation for all they hours worked for the Defendants.

## JURY TRIAL

40. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff and the putative class demand judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at

trial, plus liquidated damages as permitted under the FLSA in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the NJWHL in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) any other and further relief the Court may deem appropriate.

Dated: March 10, 2018                    Respectfully submitted,

                                                s/ Andrew I. Glenn
                                                Andrew I. Glenn, Esquire
                                                E-mail:  AGlenn@JaffeGlenn.com
                                                New Jersey Bar No.:  026491992
                                                Jodi J. Jaffe, Esquire
                                                E-mail: JJaffe@JaffeGlenn.com
                                                New Jersey Bar No.: 022351993
                                                **JAFFE GLENN LAW GROUP, P.A.**
                                                301 N. Harrison Street, Suite 9F, #306
                                                Princeton, New Jersey 08540
                                                Telephone: (201) 687-9977
                                                Facsimile: (201) 595-0308
                                                *Attorneys for Plaintiff*